## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MATTHEW ESCALANTE, ET AL.,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 23-CV-2529-JWB-TJJ** |
| **GARDNER POLICE DEPARTMENT, CITY OF GARDERN, AND ITS REPRESENTATIVES,** | |
| **Defendants.** | |

## NOTICE AND ORDER TO SHOW CAUSE

Matthew Escalante, proceeding *pro se*, filed this action against the Gardner Police Department, City of Gardner, and its Representatives.[1] In conjunction with the filing of his Complaint, Plaintiff filed a motion requesting leave to proceed without payment of the filing fee under the *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915(a)(1).[2] That motion was granted,[3] but service of the Summons and Complaint was withheld pending pre-service review, as it appears this action is frivolous or malicious and fails to state a claim on which relief may be granted, and therefore should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[4]

When a party is granted leave to proceed *in forma pauperis*, § 1915(e)(2) permits the court to screen the party's complaint. The court must dismiss the case if it determines the action "(i) is

---

[1] Complaint (ECF No. 1).

[2] ECF No. 3.

[3] *See* Order Granting *In Forma Pauperis* Status But Withholding Service of Summons and Complaint (ECF No. 6).

[4] *Id.* at 2.

frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."[5] The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[6]

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[7] Because Plaintiff proceeds *pro se*, his pleadings are liberally construed.[8] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[9] Moreover, while the court makes allowances for shortcomings in a *pro se* plaintiff's filings, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."[10]

Plaintiff generally titles his Complaint as a 42 U.S.C. § 1983 claim, alleging misconduct by current and former Gardner police officers which interfered with his "pursuit of life, liberty,

---

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Id.*

[10] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). !

[and] happiness" in violation of the Fourteenth Amendment. He also alleges claims under 42 U.S.C. § 1986 and 18 U.S.C. § 242 for violations of the First, Fifth, and Fourteenth Amendments to the United States Constitution.

## I. Plaintiff fails to state a claim under 42 U.S.C. § 1983.

42 U.S.C. § 1983 creates a civil cause of action against state actors who deprive a person of "any rights, privileges, or immunities secured by the Constitution and laws." "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."[11] The Fourteenth Amendment forbids the deprivation of life, liberty, or property without due process of law. Plaintiff appears to allege that actions and inaction by the Gardner Police Department deprived him of his liberty and interfered with his custody of his children without due process. Plaintiff also appears to allege an equal protection violation on the basis of his sex.

Regarding due process, Plaintiff alleges the Gardner Police Department made "incorrect police reporting," "never pursued . . . nor investigated" certain facts, displayed "sexist attitudes and treatment" toward him, "bullied" him, "deficient[ly] serv[ed]" a protection from stalking order, showed "prejudice [in their] policing," and performed "sub-par prejudice[d] detective work that has had a nasty negative effect on civil rights of plaintiff."[12] Plaintiff claims these actions deprived him of his liberty and have caused "extended losses of time with his children."[13]

---

[11] *Smith v. Highland Cmty. Coll.*, No. 22-CV-02048-JAR-ADM, 2023 WL 372016, at *5 (D. Kan. Jan. 24, 2023) (quoting *West v. Atkins*, 487 U.S. 42 (1988)).

[12] ECF No. 1 at 3.

[13] *Id.*

Concerning the Gardner Police Department's alleged failure to "pursue[]" or "investigate[]" certain facts, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," and there is "no federal right to the prosecution of another."[14] Plaintiff's allegation cannot, therefore, state a claim against the Gardner Police Department on these grounds.

Regarding his liberty interest in the custody of his children, "freedom of personal choice in matters of marriage and family life is one of the liberties protected by the Due Process Clause of the Fourteenth Amendment."[15] However, Plaintiff's vague allegations of custody interference include reference to a court order—an indication of process due—and Plaintiff makes no other factual allegations of a lack of due process in the matter of custody.

Plaintiff likewise alleges violations of the equal protection of the laws in a conclusory manner, simply asserting "sexist attitudes and treatment," "prejudice[d] policing," and that the police department "favored" his ex-wife because she is female.[16] Plaintiff does not offer any facts to support the conclusion that his equal protection claim is plausible.

The Court finds, therefore, that Plaintiff has failed to state a claim under § 1983.

## II.     Plaintiff fails to state a claim under 42 U.S.C. § 1986.

42 U.S.C. § 1986 creates civil liability in those who neglect or refuse to prevent or aid in the prevention of a conspiracy to deprive third parties of their right to equal protection of the laws,

---

[14] *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir. 1993) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

[15] *Elwell v. Byers*, 699 F.3d 1208, 1215 (10th Cir. 2012) (quoting *Cleveland Bd. of Educ. v. LaFleur*, 414 U.S. 632, 639-640 (1974)).

[16] ECF No. 1 at 3.

as defined in 42 U.S.C. § 1985. A § 1986 failure-to-prevent-conspiracy claim therefore requires an actionable § 1985 conspiracy claim. A "complaint . . . fails to state a claim under 42 U.S.C. § 1986 . . . [if] there is no actionable claim under 42 U.S.C. § 1985."[17] "In order to establish a § 1986 claim, a plaintiff must demonstrate that he was the subject of a conspiracy under 42 U.S.C. § 1985 from which the defendants failed to protect him."[18] "[A]llegations of conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action."[19]

A conspiracy under § 1985 must be a conspiracy motivated by racial or some other class-based animus, specifically to deprive a person or class of persons of the equal protection of the laws.[20] That is, the conspiracy must itself be for the purpose of denying equal protection; the deprivation must be the goal of the conspiracy.[21] Therefore, to state a claim against the Gardner Police Department under 42 U.S.C. § 1986, Plaintiff must allege (1) facts sufficient to demonstrate that two or more people, motivated by racial or some other class-based animus, made an agreement and acted in concert to deprive him of the equal protection of the laws; and (2) facts sufficient to

---

[17] *Lindsey v. Thomson*, 275 Fed. Appx. 744, 745 (10th Cir. 2007).

[18] *Cook v. Baca*, 512 Fed. Appx. 810, 822 (10th Cir. 2013).

[19] *Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990).

[20] *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) ("Section 1985(3) does not 'apply to all tortious, conspiratorial interferences with the rights of others,' but rather, only to conspiracies motivated by 'some racial, or perhaps other class-based, invidiously discriminatory animus.'") (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101–02 (1971)).

[21] *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 275–76 (1993) ("A conspiracy is not 'for the purpose' of denying equal protection simply because it has an effect upon a protected right. The right must be aimed at; its impairment must be a conscious objective of the enterprise. . . . [The defendant] must act at least in part for the very purpose of producing [a deprivation of rights].") (internal citations and quotation marks omitted).

demonstrate that the Gardner Police knew of this conspiracy, were in a position to stop it, and neglected to do so. Plaintiff must do more than allege that two or more people conspired to act against him and that these actions deprived him of the equal protection of the laws.

The alleged conspiracy underlying Plaintiff's alleged § 1986 claim appears to arise from events alleged in a recent case in this Court, *Escalante v. Escalante*.[22] In that case, Plaintiff claimed that his ex-wife, his ex-wife's attorney, and a court-appointed guardian ad litem for ongoing custody proceedings had conspired with a Kansas state court judge to deprive him of his "right to due process, access to the courts, and his parental rights in the state court proceedings."[23] That case was dismissed and Plaintiff has had other suits against these same parties dismissed.[24]

It is difficult to discern the contours of the conspiracy claim required by § 1986 in the present complaint. Plaintiff refers to his ex-wife's "false claim," "lying," and "campaign of domestic abuse, parental alienation and child abuse alienation."[25] None of this, as pled, amounts to a conspiracy. Plaintiff does not allege facts of "agreement and concerted action" of anyone with his ex-wife to do anything, let alone to deprive him of the equal protection of the laws.

Concerning the Gardner Police Department, the Complaint alleges "incorrect police reporting . . . facts never pursued by badges nor investigated" and that Gardner Police Department officers "bullied" Plaintiff and "enabled the Plaintiff's ex-wife to continue to false claim [so that

---

[22] *Escalante v. Escalante*, No. 23-2491-JWB, 2024 WL 382548 (D. Kan. Jan. 31, 2024).

[23] *Id.* at *1.

[24] *Id.* (listing *Escalante v. Escalante, et al.*, Case 23-2176-KHV and *Escalante v. Burmaster*, Cases 23-03193-JWL; 23-3195-JWL; 23-3232-JWL; 23-2130-TC; 23-2471-JWB; 23-2559-JWB).

[25] Complaint at 3 (ECF No. 1).

they are] largely liable for her campaign of domestic abuse, parental alienations and child abuse alienation."[26] Plaintiff also alleges "deficient serving of Protection from stalking order," "departements (sic) negligence to not take a single action of even notification to the Court of a void PFS," and "sub-par prejudice detective work." Essentially, Plaintiff alleges that the Gardner Police department enabled his ex-wife to mistreat him through the legal system and otherwise and that this has deprived him of his civil rights.

The only class-based animus the complaint alleges seems to be animus against Plaintiff because he is male. With the phrases, "LEO expectations of serving Justice not a 'female' who is favored" and "bias, prejudice and sexist policing o specific dates,"[27] the Complaint appears to allege that the Gardner Police Department is biased against Plaintiff and in favor of his ex-wife on the basis of sex.

Construed liberally, then, the Complaint alleges (1) Plaintiff's ex-wife has made false claims against him and has engaged in domestic abuse, (2) the Gardner Police Department knew Plaintiff's ex-wife's claims were false but (3) failed to stop her because (4) the Gardner Police Department is biased against Plaintiff on account of his sex.

Accepting the allegations of the Complaint as true and construing them in the light most favorable to the Plaintiff, the Court finds Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1986. The Complaint alleges no facts of agreement and concerted action, motivated by any racial or other class-based animus, that aimed specifically at depriving Plaintiff of the equal protection of the laws. It therefore fails to state a claim under § 1986,

---

[26] *Id.*

[27] *Id.*

regardless of the quality of the Gardner Police Department's action or inaction in response to Plaintiff's ex-wife's actions.

### III.    Plaintiff fails to state a claim under 18 U.S.C. § 242.

Section 242 makes it a crime for anyone acting "under color of any law . . . willfully [to] subject any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . on account of such person being an alien, or by reason of his color, or race." However, "the Tenth Circuit has affirmed district court dismissals of claims under Title 18 on the grounds that the criminal statutes do not provide for a private right of action."[28] Because § 242 does not create a private right of action, it cannot be enforced through this civil action.

Moreover, Plaintiff's complaint does not allege facts showing the Gardner Police Department deprived him of his rights on account of his national origin, color, or race, none of which are identified in the complaint. The complaint refers generally and conclusorily to "prejudice[d] policing"[29] but does not otherwise allege any facts of racial prejudice that would state a claim for relief.

Therefore, the undersigned concludes there is an insufficient factual basis in the Complaint to raise a right to relief above the speculative level.  By failing adequately to plead, Plaintiff has failed to state a claim upon which relief may be granted as to his claims against the Gardner Police Department, City of Gardner, and its Representatives.

---

[28] *Lahue v. Smith*, No. 23-2141-HLT-ADM, 2023 WL 5959832, *3 (D. Kan. Aug. 22, 2023) (dismissing a claim under 18 U.S.C. § 242) (citing *Allen v. Adams*, No. 21-3208, 2022 WL 680336, at *3 (10th Cir. Mar. 8, 2022)).

[29] Complaint at 3 (ECF No. 1).

**IT IS THEREFORE ORDERED** that Plaintiff must show good cause in writing to the Honorable John W. Broomes, United States District Judge, on or before April 4, 2024, why this action should not be dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 14th day of March, 2024.

Teresa J. James
U. S. Magistrate Judge