IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW ESCALANTE and
S.J.E., a minor child,

            Plaintiffs,

v.                                                                Case No. 23-2529-JWB

CITY OF GARDNER and GARDNER POLICE DEPARTMENT,

            Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's response (Doc. 8) and amended response (Doc. 9) to Magistrate Judge James's notice and order to show cause (Doc. 7).

**I.    Facts and Procedural History**

Plaintiff is proceeding pro se and filed this civil rights action against the City of Gardner and the Gardner Police Department. Plaintiff also brings this action on behalf of one of his minor children, S.J.E. (Doc. 1 at 1.) Over the past year, Plaintiff has filed several actions in this court, most of which pertain to ongoing state court child custody proceedings. Plaintiffs' prior cases include civil rights complaints against the presiding judge in the state court proceedings, the chief state court judge, Plaintiff's ex-wife, her counsel, and the guardian ad litem for his children. *See Escalante v. Burmaster,* Cases No. 23-2130-TC; 23-03193-JWL; 23-3195-JWL, 23-3232-JWL; 23-2471-JWB; 23-2559-JWB; *Escalante v. Escalante, et al.*, Cases 23-2176-KHV, 23-2491-JWB; *Escalante v. Droege*, Case No. 23-2536. The prior cases have all been dismissed. In this case, Plaintiff contends that the Gardner Police Department interfered with his and his daughter's "pursuit of life, liberty, [and] happiness" in violation of the Fourteenth Amendment. Plaintiff

1

further alleges claims under 42 U.S.C. § 1986 and 18 U.S.C. § 242 for violations of the First, Fifth, and Fourteenth Amendments. (Doc. 1.)

In his complaint, Plaintiff claims that incorrect police reports were issued by the police department in June of 2018. Plaintiff further alleges that the police department failed to investigate certain facts. His complaint is full of conclusory statements, including that the police department had sexist attitudes and treatment, bullied Plaintiff, and his ex-wife has been lying to the police department. Plaintiff alleges that this prejudiced policing has resulted in extended losses of time with his children. Plaintiff states that he has also lost jobs because of this conduct. Plaintiff further contends, as he did in his prior cases, that the protection from stalking order entered against him in the custody proceedings is void because it is missing a certification. (Doc. 1 at 3.) A review of the Johnson County District Court records shows that there are two active cases in which Plaintiff has been charged with violating a protective order. *See* Case 23-DV-908; Case 24-DV-172 (Johnson County, Kansas District Court).

Magistrate Judge James screened Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and entered an order to show cause why Plaintiff's complaint should not be dismissed for failure to state a claim. The order explains that Plaintiff has failed to state a claim under § 1983 with respect to his allegations of failure to investigate because a "private citizen lacks a judicially cognizable interest in the prosecution" of another and there is "no federal right to the prosecution of another." (Doc. 7 at 4) (quoting *Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir. 1993)). With respect to the custodial interference claim, Plaintiff's allegations are vague and reference a court order which indicated that he received due process. Finally, with respect to an equal protection violation, Plaintiff's allegations are entirely conclusory.

Plaintiff also brings a claim under § 1986 which provides a cause of action against those who neglect to prevent a conspiracy to deprive third parties of their right to equal protection as explained in § 1985. Magistrate Judge James held that Plaintiff failed to state a claim under § 1986 because he does not sufficiently allege a conspiracy to violate his rights under § 1985. Plaintiff wholly fails to allege any facts of agreement and concerted action of anyone with his ex-wife. (Doc. 7 at 6.) Finally, Plaintiff's claim under § 242 fails because there is no private right of action under criminal statutes.

Plaintiff has now filed a response and amended response to the show cause order. Plaintiff contends that the two open cases charging him with violating the protective order include false affidavits because the officers had no way of verifying the information in those affidavits. Plaintiff contends that these false statements were done in order to arrest Plaintiff without probable cause. (Doc. 9 at 1.) Plaintiff also attacks the final order issued in the child custody proceeding, Case 18-CV-3813 (Johnson County, Kansas District Court).[1] Plaintiff contends that the protective order in that case was the basis for the 2024 charge of violation of the protective order. Plaintiff asserts that he should not be subject to criminal charges because the final order in Case 18-CV-3813 is void. Plaintiff quotes various case law for the proposition that the order is void. Plaintiff contends that these additional allegations support his claims and that he should be allowed to amend. (Doc. 9 at 4.)

II.     Standard

On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A failure to properly object, however, leaves a party with no entitlement to appellate review, and

---

[1] A review of the docket sheet shows that this action is currently pending in the Kansas Court of Appeals.

allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . . .'").

Under provisions pertaining to IFP matters, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To state a valid claim for relief, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### III.   Analysis

The court notes initially that Plaintiff cannot bring an action on behalf of his child as he is proceeding pro se. *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). This applies to a parent attempting to raise a claim on behalf of a minor child. *Id.* "[U]nder Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent

is not represented by an attorney." *Id*. Therefore, any claims on behalf of Plaintiff's child are subject to dismissal.

With respect to Plaintiff's claims on behalf of himself, the court finds that Plaintiff has failed to properly object to Magistrate Judge James' order. Instead of specifically objecting to a ruling as to one or more claims, Plaintiff provides additional facts and conclusory statements for the court's consideration and seeks leave to amend. (Doc. 8.) This is not a proper motion to amend as Plaintiff did not file a motion and attach a proposed amended complaint. D. Kan. R. 15.1. Therefore, the court denies leave to amend. Further, for the reasons herein, the court finds that granting leave would be futile as Plaintiff's additional facts do not provide a basis for his claims.

First, concerning § 242, Plaintiff states that his new facts shows a deprivation of his rights by several officers. (Doc. 8 at 4.) Plaintiff, however, fails to object to Magistrate Judge James' ruling that a private party cannot bring an action under the criminal statutes. Therefore, the claim is subject to dismissal. *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002).

With respect to his remaining claims, Plaintiff's additional facts show that he is making another attempt to attack the judgment in his child custody case. As noted, that case is currently on appeal. Moreover, Plaintiff is also attacking pending criminal proceedings against him. Therefore, these new facts would not provide a basis for an action but are subject to dismissal as they involve a challenge to state court rulings and ongoing proceedings. *See, e.g., Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005) (explaining that the *Rooker-Feldman* doctrine bars lower federal courts from sitting in direct review of state court decisions absent Congressional authorization of such relief).

After review, the court finds that Plaintiff's complaint fails to sufficiently allege a claim under §§ 1986 and 1983. To state a claim under § 1986, Plaintiff must sufficiently allege the

existence of a valid claim under § 1985. *See Wright v. No Skiter Inc.*, 774 F.2d 422, 426 (10th Cir. 1985). To do so, Plaintiff must "demonstrate that he was the subject of a conspiracy under § 1985 from which Defendants failed to protect him." *Cook v. Baca*, 512 F. App'x 810, 822 (10th Cir. 2013). Plaintiff has failed to allege specific facts showing a conspiracy which requires an "agreement and concerted action" to deprive Plaintiff of his constitutional rights. *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989). Plaintiff's complaint alleges that his ex-wife made false claims regarding domestic abuse and lied in the investigations regarding the same. However, Plaintiff failed to allege facts showing any agreement and concerted action between Plaintiff's ex-wife and any other person. Plaintiff's contentions in his responses also fail to show any agreement and concerted action. Further, Plaintiff must sufficiently allege that the conspiracy was "motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Cook*, 512 F. App'x at 822. Plaintiff's allegations are not sufficient to state a claim under § 1986.

With respect to his claims under § 1983, Plaintiff's allegations are entirely conclusory and fail to state a claim for the reasons set forth in the show cause order. Plaintiff's response and amended response do not support a claim under § 1983 and Plaintiff has failed to identify any error in the show cause order. Further, Plaintiff has failed to sufficiently allege that any constitutional violation occurred due to a municipal policy. *See Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006). Therefore, his complaint is also subject to dismissal on that basis.

As noted recently by Judge Crouse, Plaintiff "is clearly upset and disappointed at the outcome of his state cases." *Escalante v. Droege*, No. 23-CV-02536-TC-TJJ, 2024 WL 896205, at *3 (D. Kan. Mar. 1, 2024). However, Plaintiff's lawsuits have been found frivolous and resulted in a waste of judicial resources as he continues to file lawsuits even after the actions concerning

the same parties have been dismissed. Plaintiff is reminded that the filing restrictions against him remain in effect.

Plaintiff has also filed three documents since filing his responses to the show cause order. Those documents include a motion to take judicial notice of state court filings (Doc. 11), a notice of additional authorities of Kansas open records act violations by state court judges (Doc. 12), and an affidavit of Johnson County 10th District Court corruption (Doc. 13). Due to this court's ruling herein, Plaintiff's motion to take judicial notice is denied as moot. Further, the filings pertaining to actions allegedly taken by the state court judges are entirely frivolous and have no application to this action against the City of Gardner. Therefore, the clerk is to strike Docs. 12 and 13 from the record.

### IV.  Conclusion

The court ADOPTS the R&R by Magistrate Judge James. This action is DISMISSED as it is frivolous. The motion to take judicial notice (Doc. 11) is DENIED AS MOOT. The clerk is to strike Docs. 12 and 13 from the record.

Plaintiff is admonished that this case is now closed. The only proper filing in this closed case is a notice of appeal or a motion under Federal Rule of Civil Procedure 59 or 60. Any improper filing will be struck without further notice.

IT IS SO ORDERED.  Dated this 17th day of April 2024.

                                              s/ John W. Broomes  
                                              JOHN W. BROOMES  
                                              UNITED STATES DISTRICT JUDGE