IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW ESCALANTE and
S.J.E., a minor child,

        Plaintiffs,

v.                                                                      Case No. 23-2529-JWB

CITY OF GARDNER and GARDNER POLICE DEPARTMENT,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion for relief from judgment. (Doc. 20.) Plaintiff's motion is DENIED for the reasons stated herein.

**I.**     **Facts and Procedural History**

Plaintiff is proceeding pro se and filed this civil rights action against the City of Gardner and the Gardner Police Department. Plaintiff also brought this action on behalf of one of his minor children, S.J.E. (Doc. 1 at 1.) Plaintiff has filed several actions in this court in the past year and all have been dismissed. In this case, Plaintiff alleged that the Gardner Police Department interfered with his and his daughter's "pursuit of life, liberty, [and] happiness" in violation of the Fourteenth Amendment. Plaintiff further alleged claims under 42 U.S.C. § 1986 and 18 U.S.C. § 242 for violations of the First, Fifth, and Fourteenth Amendments. (Doc. 1.) Magistrate Judge James entered an order to show cause why Plaintiff's complaint should not be dismissed for failure to state a claim. (Doc. 7.) Plaintiff timely filed a response to the order.

After review, the court held that Plaintiff could not bring a claim on behalf of his minor child as he was proceeding pro se and, with respect to his personal claims, his complaint failed to sufficiently allege claims under §§ 1986 and 1983. (Doc. 14.) Plaintiff filed a notice of appeal.

1

(Doc. 16.)  Less than two weeks after filing his notice of appeal, Plaintiff moved for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(2).  (Doc. 20.)  The Tenth Circuit has abated the appeal pending a ruling on this motion.  (Doc. 21.)

## II.     Analysis

"Relief under Rule 60(b) is extraordinary and may only be granted under exceptional circumstances."  *Soc'y of Lloyd's v. Bennett*, 182 F. App'x 840, 844 (10th Cir. 2006).  In this case, Plaintiff has filed an appeal which deprives this court of jurisdiction to grant relief due to the pending appeal.  *Id.*  (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  This court, however, retains jurisdiction to deny a Rule 60(b) motion.  *Id.*  (citing *Aune v. Reynders*, 344 F.2d 835, 841 (10th Cir. 1965) (explaining that a district court retains jurisdiction to deny a Rule 60(b) motion during pendency of appeal)).

Here, Plaintiff moves for relief from judgment under Rule 60(b)(2) on the basis that a state court criminal action previously pending against him has now been dismissed.  Plaintiff contends that this dismissal somehow provides affirmative evidence that Defendants were acting maliciously and asks this court to withdraw its prior order of dismissal.  In support of his motion, Plaintiff attached the state court docket sheet showing a dismissal of Case 24DV172 in Johnson County, Kansas District Court.  (Doc. 20-1.)  The docket sheet reflects that the prosecution dismissed the charges.

Contrary to Plaintiff's assertion, a dismissal of the previously pending charges, in and of itself, does not provide evidence of malicious prosecution by Defendants.  Prosecutors routinely make decisions to dismiss pending charges for a variety of reasons.  Moreover, although this criminal matter was cited in this court's order pertaining to the discussion of the futility of a potential amendment, the court dismissed Plaintiff's complaint because he failed to sufficiently

allege a claim against Defendants. Specifically, the court found that Plaintiff did not sufficiently allege a conspiracy to support his § 1986 claim, his § 1983 allegations were entirely conclusory and failed to allege a policy, and he cannot bring an action under a federal criminal statute. (Doc. 14.) Plaintiff's motion provides no basis to challenge those rulings nor does it provide exceptional circumstances that would justify Rule 60(b) relief.

### III.  Conclusion

Plaintiff's motion for relief from judgment (Doc. 20) is DENIED. The clerk is to forward this order to the Tenth Circuit.

IT IS SO ORDERED. Dated this 2nd day of May 2024.

    __s/ John W. Broomes_____
    JOHN W. BROOMES
    UNITED STATES DISTRICT JUDGE