IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW ESCALANTE and
S.J.E., a minor child,

    Plaintiffs,

v.                 Case No. 23-2529-JWB

CITY OF GARDNER and GARDNER POLICE DEPARTMENT,

    Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's second motion for relief from judgment. (Doc. 26.) Plaintiff's motion is DENIED for the reasons stated herein.

**I. Facts and Procedural History**

Plaintiff is proceeding pro se and filed this civil rights action against the City of Gardner and the Gardner Police Department. (Doc. 1 at 1.) Plaintiff has filed several actions in this court in the past year and all have been dismissed. In this case, Plaintiff alleged that the Gardner Police Department interfered with his and his daughter's "pursuit of life, liberty, [and] happiness" in violation of the Fourteenth Amendment. Plaintiff further alleged claims under 42 U.S.C. § 1986 and 18 U.S.C. § 242 for violations of the First, Fifth, and Fourteenth Amendments. (Doc. 1.) Magistrate Judge James entered an order to show cause why Plaintiff's complaint should not be dismissed for failure to state a claim. (Doc. 7.) Plaintiff timely filed a response to the order.

After review, the court held that Plaintiff's complaint failed to sufficiently state a claim. (Doc. 14.) Plaintiff filed a notice of appeal. (Doc. 16.) Less than two weeks after filing his notice of appeal, Plaintiff moved for relief from judgment pursuant to Federal Rule of Civil Procedure

1

60(b)(2). (Doc. 20.) The court denied the motion. (Doc. 22.) Less than one week after the order was entered, Plaintiff has moved again for relief from judgment. (Doc. 26.)

**II.     Analysis**

"Relief under Rule 60(b) is extraordinary and may only be granted under exceptional circumstances." *Soc'y of Lloyd's v. Bennett*, 182 F. App'x 840, 844 (10th Cir. 2006). In this case, Plaintiff has filed an appeal which deprives this court of jurisdiction to grant relief due to the pending appeal. *Id.* (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). This court, however, retains jurisdiction to deny a Rule 60(b) motion. *Id.* (citing *Aune v. Reynders*, 344 F.2d 835, 841 (10th Cir. 1965) (explaining that a district court retains jurisdiction to deny a Rule 60(b) motion during pendency of appeal)).

Plaintiff moves for relief from judgment under Rule 60(b)(2) on the basis that a pending state court criminal action (which is set for trial on May 20) is perpetrated with fraud. Plaintiff asserts that the trial judge made misrepresentations during a recent hearing regarding his prior interactions with Plaintiff and contends that an officer gave a false affidavit and was not previously an endorsed trial witness. Such allegations do not provide a basis for this court to set aside the judgment in this case. Notably, these allegations include individuals who were not parties to this action. Further, this court would abstain from exercising jurisdiction over such claims under the *Younger* abstention doctrine because they involve an ongoing state court proceeding. Plaintiff is admonished that any further allegations regarding conduct in his criminal case would not support a motion for relief from judgment and would unnecessarily prolong his pending appeal. Further, although Plaintiff repeatedly criticizes Judge Droege in this case and others, a review of the hearing transcript attached to Plaintiff's motion shows that he has been exceedingly patient with Plaintiff in listening to his arguments and providing him with an opportunity to be heard. (Doc. 26-1.)

The court further notes that it is generally improper for a state court litigant to attack the propriety of those proceedings by separate suit in federal court. *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The lower federal courts generally lack the authority to hear what are effectively appeals of state court cases. Instead, the proper means of challenging the decisions in state trial court proceedings is to appeal them to the appropriate state appellate courts. *Id.* Once that review has been completed by the state's highest court, an aggrieved party may petition for review by the United States Supreme Court. 28 U.S.C. § 1257(a). In this case, Plaintiff's complaints regarding the rulings and evidence submitted in his pending criminal case are more appropriately presented to the trial court judge and, if there is an adverse decision by the jury at trial, to the Kansas Court of Appeals. The record seems to indicate that Plaintiff has preserved these issues at the trial court so that they may be reviewed by the state appellate court. Accordingly, the court admonishes Plaintiff that, to the extent he continues to object to the manner in which his cases are being handled in the trial courts of the State of Kansas, he should pursue those objections within the Kansas state courts, including the Kansas Court of Appeals.

**III.   Conclusion**

Plaintiff's motion for relief from judgment (Doc. 26) is DENIED.

IT IS SO ORDERED. Dated this 8th day of May 2024.

   s/ John W. Broomes          
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE
